UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEANGELO GAINES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:16-cv-00318-WTL-MJD ) |
| CRYSTAL BRICKERT, NAUMAN Sgt., KIRKLEN Lt., BUCHANAN Officer, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT BRICKERT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff DeAngelo Gaines brought this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that his constitutional rights were violated by defendants while he was incarcerated at Putnamville Correctional Facility ("Putnamville"). What remains in this action is his First Amendment retaliation claim against defendant Crystal Brickert. Presently pending before the Court is Ms. Brickert's motion for summary judgment. For the reasons explained below, the motion for summary judgment, Dkt. No. 103, is **granted**.

**I. Summary Judgment Legal Standard**

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court views the record in

the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Mr. Gaines failed to respond to Ms. Brickert's motion for summary judgment, and the deadline for doing so has long passed. The consequence is that Mr. Gaines has conceded Ms. Brickert's version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). Because Mr. Gaines failed to respond to the defendants' motion, and thus failed to comply with the Court's Local Rules regarding summary judgment, the Court will not consider allegations in Mr. Gaines's complaint in ruling on this motion. Although pro se filings are construed liberally, pro se litigants such as Mr. Gaines are not exempt from procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "pro se litigants are not excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). This does not alter the standard for assessing a

Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Background

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Gaines as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

As a matter of policy and safety for the facility, prisoners, and staff, an inmate's movement within the prison is strictly controlled by the Indiana Department of Correction ("IDOC"). Dkt. No. 105-1 at ¶ 7. An inmate must obtain authorization before going from one location to another. *Id.* Additionally, an inmate is not allowed to personally serve lawsuits on prison staff, including Corizon personnel. *Id.* at ¶ 8. Any legal mail is to be served and delivered through the mail room. *Id.*

On and around March 9, 2016, Ms. Brickert was employed by Corizon as a medical records clerk at Putnamville. Her job duties included maintaining patient health records and responding to requests for patient records. She was not a nurse, nor did she have the authority to administer or dispense medication. Ms. Brickert also did not have the authority to discipline inmates. *Id.* at ¶ 2.

Although she was not involved in patient care, Ms. Brickert was familiar with Mr. Gaines and knew that, because of his seizure disorder, Mr. Gaines had been issued a seizure helmet that he was supposed to wear at all times. She had also previously interacted with Mr. Gaines via

healthcare request forms and in person on several occasions when Mr. Gaines requested his medical records. *Id.* at ¶ 3.

On and around March 9, 2016, Mr. Gaines was authorized to have a daily pass for the medication window to receive his prescribed medication in the morning and in the evening. *Id.* at ¶ 4. The medication window was open from 8:00 am to 10:00 am in the morning. *Id.* at ¶ 5.

On March 9, 2016, Mr. Gaines had already visited the medication window for his morning medication. *Id.* at ¶ 5, Dkt. No. 105-2 at 1. At around 11 am, Officer Buchanan entered the medical unit where Ms. Brickert worked, and reported that Mr. Gaines had documents to deliver to the medical staff there. Dkt. No. 105-1 at ¶ 6. When Ms. Brickert entered the area where Mr. Gaines was waiting, he handed her an envelope and told her it contained a copy of a lawsuit he had filed against her. Additionally, he asked her to accept service of the lawsuit for several other Corizon employees. *Id.*

Officer Buchanan then asked Mr. Gaines to leave, which he did. Officer Buchanan proceeded to issue Mr. Gaines a conduct report for being in the medical unit without authorization. *Id.* As discussed previously, inmate movement is strictly controlled by IDOC for safety reasons. *Id.* at ¶ 7. Additionally, Mr. Gaines had previously been caught in unauthorized areas. *Id.* at ¶ 6; Dkt. No. 105-3 at 1.

Later that same day, as part of her job duties to document any patient contact or encounter, Ms. Brickert created an administrative note in Mr. Gaines's electronic medical record explaining that Mr. Gaines had shown up at the medical unit to deliver legal mail, but without a pass. Dkt. No. 105-1 at ¶ 9; Dkt. No. 105-3 at 4-5. She also made a note that Mr. Gaines was noncompliant in not wearing and not having his medical issued seizure helmet at the time of the encounter. Dkt. No. 105-1 at ¶ 9; Dkt. No. 105-3 at 5. Ms. Brickert was not instructed by anyone to create the

administrative note – she did so as part of her regular habit of documenting any patient encounter. Dkt. No. 105-1 at ¶ 10.

Officer Buchanan's conduct report from March 9, 2016 resulted in a conduct advisory board investigation into the allegations. As part of the investigation, Ms. Brickert was asked to forward any documentation regarding her encounter with Mr. Gaines on that day. *Id.* at ¶¶ 11-12. On March 18, 2016, Ms. Brickert forwarded to Jason Scheutz by email the administrative note she had created in Mr. Gaines's medical records. *Id.* at ¶ 11; Dkt. No. 105-4.

### III. Discussion

Ms. Brickert moves for summary judgment on Mr. Gaines's First Amendment retaliation claim against her. She argues that Mr. Gaines is unable to make a *prima facie* case of retaliation against her as he is unable to meet the second and third elements for retaliation.

To state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015).

Ms. Brickert agrees that Mr. Gaines's filing of a medical malpractice lawsuit in Putnam Superior Court is protected activity under the First Amendment. However, Ms. Brickert asserts that Mr. Gaines has failed to identify any "deprivation that would likely deter First Amendment activity in the future." Ms. Brickert concedes that she created an administrative note in Mr. Gaines's electronic medical record and this note was forwarded to the Conduct Adjustment Board, but argues that such an action is not a "deprivation." Moreover, Ms. Brickert points out that her action certainly did not deter Mr. Gaines from filing lawsuits as he has since filed at least three

federal lawsuits, including this one.  Ms. Brickert also argues that her actions were not motivated by Mr. Gaines's filing of a lawsuit against her, and the administrative note was merely part of her regular habit to document all patient encounters.  Mr. Gaines has not responded or disagreed with Ms. Brickert's assertions.  Thus, Mr. Gaines has failed to show that Ms. Brickert retaliated against him in violation of his First Amendment rights.  Accordingly, because there is no material issue for trial, summary judgment is warranted in Ms. Brickert's favor.

This Order resolves all remaining issues in the case.  The Court acknowledges the stipulation of dismissal, Dkt. No. 115, from December 22, 2017 where the Mr. Gaines and defendants Clayton Buchanan, Lt. Kevin Kirklen, and Sgt. Klayton Nauman stipulated to the dismissal of this case with prejudice as to defendants Buchanan, Kirklen, and Nauman.  Judgment consistent with this order shall now issue.

Date: 2/12/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DEANGELO GAINES
4902 Norwaldo Avenue
Indianapolis, IN 46205

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov

Britney Jade McMahan
BLEEKE DILLON CRANDALL, PC
britney@bleekedilloncrandall.com